IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE ALVIN JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:13-CV-0136 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Jordan Unit in Gray County, Texas. Petitioner is no longer confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).[1] The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

On February 19, 2013, a TDCJ-CID officer filed an Offense Report alleging that on that date:

[A]t J-1 Charlie pod, dayroom, [petitioner] had his state issued jacket and was going to

---

[1] Upon inquiry, TDCJ-CID advised the Court that petitioner discharged his 10-year holding sentence on January 22, 2016.

line building. [The officer] ordered the offender to remove his jacket while he was inside the day room. The offender began cursing towards [the officer] and refused to obey the order. The offender continued to walk towards the door exiting the pod. [The officer] ordered the offender to present his state issued I.D. card several times. The offender turned around stating "[sexual expletive]" and threw his I.D. card towards [the officer]. Once the offender exited the area [the officer] identified him by the state I.D. card that he threw on the ground and the inmate locator report.

On February 20, 2013, in Case No. 2013068649, petitioner was notified he was being charged with the prison disciplinary offense of refusing to obey an order, to wit: failing to obey the order to remove his state issued jacket and to present his state issued ID card. An inmate witness gave a statement during the investigation of the incident that he observed a verbal confrontation between the charging officer and petitioner, that the charging officer used obscene and vulgar language during the confrontation, and that petitioner eventually gave the officer his ID but only gave the officer his jacket after exiting the building. Another inmate witness gave a statement that he observed the charging officer and petitioner cursing at each other, that petitioner gave the officer his ID but only after asking why the officer was requesting it, and that petitioner eventually gave the officer his jacket prior to leaving the building. A TDCJ-CID officer gave a statement that he did not observe the incident in question, but that petitioner was wearing his jacket when he left the building. At the hearing, the charging officer testified consistent with the offense report and the other officer testified consistent with his statement. The statements of all witnesses, as well as a statement by petitioner denying the charges and alleging retaliation and sexual solicitation by the charging officer, were made part of the record.

On March 4, 2013, petitioner was found guilty of the charged offense after a disciplinary hearing. Punishment assessed included the forfeiture of thirty (30) days previously accrued good time. Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance

system. On April 12, 2013, relief was denied at Step 1 with the following response:

> Major disciplinary case #2013068649 has been reviewed. All due process and procedural requirements were met. The case was fair and consistent with the charge. The guilty verdict was supported by a preponderance of the evidence. The punishments assessed by the Disciplinary Hearing Officer were within agency guidelines. You were removed from the disciplinary hearing due to your continuous interruption of the DHO. There were statements from the witnesses you requested. There is nothing to indicate that staff submitted false reports or statements. Offenders shall immediately comply with all lawful orders or instructions given to them by staff. There is no valid reason to warrant overturning this case.

On June 13, 2013, relief was denied at Step 2 with findings that "[t]he disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines." On July 17, 2013, petitioner filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated during the disciplinary hearing as follows:

1. Petitioner did not commit the disciplinary offense alleged, the charges brought against him were false and retaliatory, and the evidence was insufficient to establish he committed a disciplinary offense;

2. Petitioner was denied his right to be heard "without interference";

3. Petitioner was denied effective assistance of counsel substitute when counsel submitted unfavorable evidence that she knew to be false;

4. Petitioner was denied the right to refute the disciplinary charges as well as allegations made by the Hearing Officer; and

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed when the petitioner delivers it to prison officials for mailing).

    5.      Petitioner was denied the right to present witnesses because the Hearing Officer refused to listen to the witnesses' testimony in its entirety.

## III.
## FALSE CHARGES/RETALIATION

Petitioner alleges he was falsely charged with refusing to obey an order because he complied with the charging officer's order to hand over his State-issued ID and to take off his jacket when commanded to do so. Petitioner contends the charging officer made the false offense report in retaliation for petitioner's refusal to comply with a sexual directive made by the charging officer.[3] In effect, petitioner is claiming the evidence was insufficient to establish he committed the charged disciplinary offense and that he is actually innocent of the offense.

<u>Compliance with order</u>: The hearing officer was presented with somewhat inconsistent accounts of the incident in question, however, none of the statements or any of the testimony reflected petitioner immediately and timely complied with the charging officer's commands to hand over his ID or to take off his jacket while inside the building. In light of the differing accounts, the hearing officer appears to have accepted the statement and testimony of the charging officer based on a determination, whether implicit or explicit, that he was credible.

It is well settled that the credibility of witnesses and of the evidence presented is left to the discretion of the Hearing Officer. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). This Court is not free to substitute its judgment as to the credibility of the charging officer or any other witnesses for that of the Hearing Officer. This Court must defer to the Hearing Officer's acceptance of the officer's statement and testimony, especially in the absence of directly controverting evidence

---

[3] It is unclear whether petitioner is claiming retaliation for his prior refusal to comply with an alleged directive to perform a sexual act purportedly made by the charging officer, or for a directive purportedly made by the charging officer at the time of this incident.

that petitioner timely complied with the order. Petitioner has not conclusively demonstrated the Hearing Officer's credibility determination was not supportable or was an abuse of discretion other than his self-serving, conclusory and unsupported statements.

Moreover, the guilty finding is not subject to being overturned on the basis that there was, or may have been, contradictory evidence before the Hearing Officer. Petitioner has not submitted any conclusive evidence to demonstrate the disciplinary charges brought against him were false, asserting instead only his own self-serving statement that he did not commit the acts of which he was accused, *i.e.*, that he complied with the order. To the extent petitioner alleges he was falsely charged because he complied with the charging officer's order, petitioner's claims must be denied.

Retaliation: Petitioner's claim that the charging officer made a false offense report in retaliation for petitioner's refusal to comply with a sexual directive made by the charging officer is a conclusory allegation, unsupported by the evidence in the record (the inmate witness's statement that the charging officer used obscene and vulgar language during the confrontation did not establish the facts as alleged by petitioner), and does not establish a defense to the charges, much less establish a valid constitutional claim on federal habeas review. *Cf. Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Further, any actual claim of retaliation is a civil rights claim rather than a claim to be asserted on habeas review. Petitioner's claims should be denied.

Sufficiency of the evidence: To the extent petitioner is arguing the evidence was insufficient to support a guilty finding that petitioner committed the charged disciplinary offense, petitioner's claim simply amounts to an unsubstantiated disagreement with the factfinder's resolution of conflicts in the evidence and is precluded by settled principles of habeas and appellate review. This Court's

role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson,* 242 F.3d 537 (5th Cir. 2001) (*quoting Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Decisions from prison disciplinary proceedings "will not be disturbed unless they are arbitrary and capricious," *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995), and are overturned only "where no evidence in the record supports the decision." *See Broussard v. Johnson*, 251 F.3d 874, 877 (5th Cir. 2001).

In the offense report, the charging officer stated petitioner initially refused to turn over his ID and jacket when ordered to do so. At the hearing, the charging officer confirmed that petitioner did not immediately and timely obey his direct order. Since an officer's conduct report alone can constitute "some" or "any" evidence of an offender's guilt before the disciplinary board, *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001), it was within the Hearing Officer's discretion to rely upon the charging officer's report and statement in making her decision. Petitioner's claim should be denied.

<u>Actual innocence</u>: To the extent, if any, petitioner is arguing actual innocence of the disciplinary offense as an independent ground, such cannot provide the basis for habeas corpus relief in and of itself, absent an independent constitutional violation. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). As no such violation has been established, petitioner's claim should be denied.

## IV.
## <u>RIGHT TO BE HEARD</u>

Because prison disciplinary proceedings do not form part of a criminal prosecution, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 556, 563 (1974). In this case, due process requires inmates be provided with an opportunity to call

witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, thereby giving prison officials broad discretion in deciding whether inmates may present witnesses at a disciplinary hearing. *Wolff*, 418 U.S. at 563-69. Moreover, inmates are not afforded the absolute right to attend disciplinary hearings, *Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989), and prison officials may deny an inmate's request to call witnesses or limit the number of witnesses called at a disciplinary hearing without explanation to the inmate. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). The record indicates petitioner was allowed to read his statement into the record but was removed, or voluntarily left, after disrespectful behavior was directed toward the disciplinary hearing officer. Moreover, petitioner's statement was made a part of the record. Petitioner's claim should be denied.

## V.
## EFFECTIVENESS OF COUNSEL

The United States Supreme Court has determined that "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff v. McDonnell,* 418 U.S. at 570, 94 S. Ct. at 2981). Consequently, an inmate may not complain about the inadequacy of any representation received. *See Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982). Moreover, petitioner's complaints about counsel substitute's performance cannot be properly considered on federal habeas review. *Baxter,* 425 U.S. at 315; *Wainwright,* 455 U.S. at 587-88.

Even so, petitioner confirmed both in writing and orally during the hearing that counsel substitute reviewed with petitioner his rights and the evidence petitioner wished to present. Counsel substitute indicated at the hearing that she obtained the statement from the other TDCJ-CID officer at petitioner's own request and then read the short statement into the record. Petitioner's claim that he

directed counsel substitute not to introduce the officer's statement because it was a "lie" is self-serving, conclusory and unsupported. Moreover, petitioner's assertion that the officer's statement impacted the hearing outcome is insufficient to demonstrate a due process violation. Petitioner's claim should be denied.

## VI.
## RIGHT TO REFUTE ALLEGATIONS

The record indicates that at the hearing, petitioner was allowed to read his entire statement into the record. Regarding the fact that petitioner was removed from the hearing, petitioner had already given his statement and most of the other evidence had already been received. Petitioner was appropriately dismissed from the hearing for repeated disrespectful behavior. Regardless, inmates are not afforded the absolute right to attend disciplinary hearings. *See Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989). Therefore, petitioner's assertion that he was not allowed to refute the allegations against him is wholly conclusory and without merit. *See Ross v. Estelle,* 694 F.2d at 1011 (5th Cir. 2000); *Moody,* 864 F.2d at 1181. Petitioner's claim should be denied.

## VII.
## DENIAL OF WITNESSES

The record indicates that petitioner was properly afforded his due process right to present witnesses by the disciplinary hearing officer receiving evidence from all witnesses petitioner wished to present in the form of written statements. The record also indicates that when the disciplinary hearing officer asked counsel substitute whether the remainder of certain witness' testimonies had any bearing on whether petitioner timely gave the charging officer his ID and jacket when requested, counsel substitute answered that they did not. Noting that petitioner had provided evidence that his ID was later recovered by other inmates, the disciplinary hearing officer declined to hear the remainder of the

witnesses' testimonies.

Due process may require that an inmate be provided with an opportunity to call witnesses and present documentary evidence when evidence is not unduly hazardous to institutional safety and correctional goals, *Wolff*, 418 U.S. at 563-67, but an inmate's right to present witness testimony at a prison disciplinary hearing is not unlimited, as prison officials have broad discretion in deciding whether an inmate may present witnesses at a disciplinary hearing. *See Wolff*, 418 U.S. at 567-69. Furthermore, prison officials may limit the number of witnesses at a disciplinary hearing or deny inmate requests to call witnesses without explanation to the inmate. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Petitioner's claim should be denied.

## VIII.
## CLAIMS ARE MOOT

Recent inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, revealed petitioner discharged his 10-year holding sentence on January 22, 2016 and was released from state prison. Petitioner has not communicated with the Court in any manner since his release and has failed to advise the Court of his projected release, his actual release, or the discharge of his sentence, and has not provided the Court with a change of address.

Petitioner has fully served and discharged his sentence and is no longer in respondent's custody. The relief sought in petitioner's habeas application, *i.e.,* the reinstatement of the 30 days lost good time, reinstatement of Line 2 class status, and the re-calculation of his good time credits, cannot be granted. Since this Court cannot grant petitioner the relief he seeks in his habeas application, the petition is moot under the continuing case and controversy requirement and subject to immediate dismissal.

IX.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GEORGE ALVIN JONES be DENIED.

X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___18th___ day of February 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before thFebruary 18, 2014e fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).